## 11549. O'QUINN *v.* ROSS & BRINSON.

There was evidence tending to show that the defendants were indebted to the plaintiff for timber cut, in an amount more than the sum admitted in the answer of the defendants. This made a question of fact to be determined by the jury, and it was error in the court to direct a verdict for the amount admitted to be due by the defendants in their answer.

         DECIDED NOVEMBER 2, 1920.

Complaint; from city court of Baxley — Judge Lawrence. February 13, 1920.

*Padgett & Watson,* for plaintiff.

*C. H. Parker,* for defendant.

SMITH, J. S. P. O'Quinn sued J. A. Ross and M. D. Brinson, seeking to recover upon a written contract between the parties in which the defendants agreed to cut not less than 500,000 feet of

timber off certain lots of land owned by the plaintiff. The petition alleged that the full amount of 500,000 feet had been cut, and that the defendants were indebted to the plaintiff $ 3 per thousand feet stumpage, and $ 3 per thousand feet for all the timber hauled by the plaintiff. A demurrer was filed to the petition, on the ground that it was uncertain whether the plaintiff was claiming damages for a breach of the written contract, or claiming $ 3 per thousand feet for the timber actually cut. The plaintiff amended his petition, abandoning the claim for damages growing out of a breach of the contract, but alleging that the defendants did cut 350,000 feet of timber, more or less, and that the defendants were indebted to him in the sum of $ 1,500 for the said timber, less $ 228.49 paid by the defendants. Thereupon the demurrer was overruled. The defendants then answered, admitting the contract, a copy of which was attached to the petition, but denying that they had violated the contract or that they had failed to account to and pay the plaintiff for all the timber actually cut by them as well as the bill for hauling, except the sum of $ 45.29, admitted to be due the plaintiff as a balance.

The evidence for the plaintiff tended to show that the defendants had cut more timber than admitted in their answer, and that the defendants were indebted to the plaintiff in a larger amount than the amount admitted in the answer. The defendants introduced no evidence, and the court directed a verdict for the amount admitted to be due by the defendants in their answer. This was error.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*